UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MARCUS E. IVY                                                                              PLAINTIFF

v.                                                       CIVIL ACTION NO. 4:16CV-P93-JHM

JANICE LEIGH *et al.*                                                   DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Marcus E. Ivy filed a *pro se* action pursuant to 42 U.S.C. § 1983 (DN 1). At the time he filed the complaint, he listed his address as the Henderson County Detention Center (HCDC). By Order (DN 7) entered September 9, 2016, the Court granted Plaintiff's motion to proceed *in forma pauperis*. Because Plaintiff is a prisoner seeking redress from governmental actors, the Court was preparing to perform an initial review of the complaint pursuant to 28 U.S.C. § 1915A. Review of the Court's records, however, reveals that copies of orders sent to Plaintiff at HCDC in two of his other actions filed in this Court were recently returned to the Court by the U.S. Postal Service as undeliverable. *See Ivy v. HCDC et al.*, 4:16-cv-77-JHM (DN 8, mail returned on Dec. 12, 2016, marked "Return To Sender, Attempted – Not Known, Unable to Forward"); *Ivy v. Wathen et al.*, 4:16-cv-92-JHM (DN 10, mail returned Dec. 12, 2016, marked "Return To Sender, Attempted – Not Known, Unable to Forward").[1]

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme

---

[1] By Memorandum Opinion and Order entered January 18, 2017, this Court dismissed *Ivy v. Wathen et al.*, 4:16-cv-92-JHM, without prejudice for failure to prosecute due to Plaintiff's failure to provide a notice of change of address.

Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

The Court takes judicial notice of the fact that the U.S. Postal Service recently returned mail sent to Plaintiff at HCDC, his address of record in the instant action, as undeliverable in two of his other cases. Because Plaintiff has failed to provide a notice of an address change in this or any of his actions, neither orders from this Court nor filings by Defendants can be served on him. The Court taking any further action in the instant case, therefore, would be an act of futility and a waste of judicial resources. For these reasons, the Court concludes that dismissal without prejudice is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: January 30, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
4414.005